### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

PABLO FLORES,

        Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant.

Case No. 11-CV-343-FHM

## OPINION AND ORDER

Plaintiff, Pablo Flores, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's April 24, 2008, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Charles Headrick was held November 16, 2009. By decision dated January 25, 2010, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 12, 2011. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.*, 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 48 years old on the alleged date of onset of disability and 50 at the time of the denial decision. He completed two years of college and formerly worked as waiter, cook, and laborer. He claims to have been unable to work since November 7, 2007 as a result of right shoulder impingement, bilateral carpal tunnel syndrome, and mental issues.

## The ALJ's Decision

The ALJ determined that Plaintiff has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except for limited overhead reaching with the right upper extremity. [R. 16]. Based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform with these limitations. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## **Plaintiff's Allegations**

Plaintiff asserts the ALJ: failed at step 5 of the sequential evaluation process; failed to properly consider the medical source opinions; and failed to perform a proper credibility analysis.

## **Analysis**

Plaintiff asserts that the hypothetical question posed to the vocational expert was infirm in that it did not contain limitations for all of the impairments supported by the records. Plaintiff argues that the opinion of his treating physician that he was limited to sedentary work due to ankle problems was not properly addressed by the ALJ, nor were limitations for ankle problems included in the hypothetical question or the RFC. He also argues that the hand impairments supported by the record would prevent his performance of the jobs identified by the vocational expert. In addition, Plaintiff states that the jobs identified require significant helping of and interactions with people that would be precluded by his social phobia. The court will address the problems raised by these allegations in the order in which they appear in the evaluative sequence.

### Consideration of Plaintiff's Alleged Mental Impairment

The ALJ acknowledged that medical evidence contains a diagnosis of depression and bipolar disorder. However, the ALJ found that the mental impairments were non-severe because Plaintiff did not seek treatment or take medication for the depression in 2007 and also because Plaintiff "does not allege a mental condition that keeps him from

working." [R. 16].[2]  The ALJ did not apply the proper analysis for making a determination of the severity of a mental impairment.

When considering mental impairments, the ALJ must properly apply the special technique required by the regulations.  In *Wilson v. Astrue,* 602 F.3d 1136, 1141 (10th Cir. 2010) the Tenth Circuit stated:

> When there is evidence of a mental impairment that allegedly prevents a claimant from working, the ALJ must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. §§ 404.1520a [and 416.920a] and the Listing of Impairments and document the procedure accordingly. This procedure requires the ALJ to rate the degree of the claimant's functional limitation based on the extent to which the claimants mental impairment(s) interferes with the claimant's ability to function independently, appropriately, effectively, and on a sustained basis. Previously, to record his conclusions, the ALJ prepared a standard document called a Psychiatric Review Technique Form (PRT form) that tracked the listing requirements and evaluated the claimant under the relevant criteria. Now, he is only to document application of the technique in the decision.

(quoting *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir.2008) (quotations, citations, and alterations omitted)).

The regulations unmistakably require the ALJ to perform the psychiatric review technique (PRT) to evaluate the functional consequences of an alleged mental disorder. 20 C.F.R. §§ 404.1520a, 416.920a.  The regulations say the following about the documentation required in an ALJ's decision:

---

[2] The ALJ's decision contains two contrary statements about Plaintiff's allegations. At one point, the ALJ stated that Plaintiff "does not allege a mental condition that keeps him from working," [R. 16], on the next page the ALJ states, "[t]he claimant alleges that he is unable to perform any work due to impairment of the shoulder, carpal tunnel syndrome and mental issues." [R. 17].

4

> [T]he written decision <u>must</u> incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.[3]

20 C.F.R. § 416.920a (e)(4) [emphasis supplied, footnote added].

In view of the fact that the medical record before the ALJ contains mental health treatment records that demonstrate Plaintiff's treatment for bipolar disorder, including the prescription of medication, [R. 353], and in view of Plaintiff's hearing testimony that he struggles to stay focused because of bipolar and depression, [R. 39-40], the court finds that the ALJ was required to perform the psychiatric review technique and to document it in the decision as specified in the above-quoted language. The ALJ failed to perform the PRT analysis and therefore failed to apply the correct legal standards in making the denial decision. As a result, the case must be remanded.

Consideration of Treating Physician's Opinion

The record contains a report dated August 3, 2006, wherein Plaintiff's treating physician recommended to the Department of Rehabilitation Services that Plaintiff "be trained for a sit down job as I believe the prolonged standing and walking is going to be detrimental and difficult for him to do over the years." [R. 357]. The ALJ found that "claimant's treating physicians did not place any functional restrictions on his activities that would preclude light work activity . . . ." [R. 18]. The quoted language from the August

---

[3] Paragraph (c) requires a rating of the degree of functional limitation in the areas of: activities of daily living; social functioning; concentration persistence and pace; and the number of episodes of decompensation. 20 C.F.R. § 416.920a(c)(3).

2006 report appears to be contrary to the ALJ's finding. On remand the ALJ is required to address the August 2006 treating physician's report in accordance with 20 C.F.R. § 404.1527(d)(2), §416.927(d)(2).

### Alleged Hand Impairments

The ALJ found that Plaintiff's bilateral carpal tunnel syndrome is a severe impairment at step two of the sequential analysis. [R. 15]. The ALJ recounted the medical records where physician's reported bilateral carpal tunnel syndrome. [R. 17]. The ALJ acknowledged that Plaintiff alleges inability to work due, in part, to carpal tunnel syndrome. [R. 17]. However, the ALJ did not include any limitations in the RFC for a hand impairment, nor did the ALJ explain why no such limitations were included in the RFC. On remand the ALJ is required to address Plaintiff's alleged hand impairments.

### Credibility Analysis

The ALJ found Plaintiff was not credible, in part, because his treating physicians did not place any functional limitations on his activities that would preclude light work. [R. 18]. As previously discussed, the August 2006 report can be read to support a limitation to sedentary work. Consideration of Plaintiff's alleged mental impairments, the treating physician's opinion, and the alleged hand impairments will require re-evaluation of Plaintiff's credibility which should be performed in accordance with the regulations and applicable case law.

According to Social Security Ruling 96-7p, 1996 WL 374186 (July 2, 1996), which governs an ALJ's evaluation of a claimant's description of symptoms, the evaluation must contain specific reasons for a credibility finding; the ALJ may not simply recite the factors that are described in the regulations. Id. at *4. It is well-established that an ALJ's findings

with respect to a claimant's credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995)(quotation omitted).

## Conclusion

The ALJ's decision is REVERSED and the case REMANDED for further proceedings.

SO ORDERED this 20th day of September, 2012.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE